United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 13, 2004**

Charles R. Fulbruge III
Clerk

**IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT**

_____

No. 03–31138

_____

ARTHUR SCHEXNAYDER, JR; ALICE LABAT;
ESTATE OF THEODORE DREYFUS INC; LEBEOUF REAL ESTATE

Plaintiffs - Appellees,

FEAR FARMS, INC.,

Intervenor Plaintiff - Appellee,

versus

ENTERGY LOUISIANA, INC; ENTERGY SERVICES INC;
ENTERGY TECHNOLOGY HOLDING COMPANY;
ENTERGY TECHNOLOGY COMPANY

Defendants - Appellants.

LEBEOUF REAL ESTATE

Plaintiff - Appellee,

FEAR FARMS INC

Intervenor Plaintiff - Appellee,

v.

ENTERGY LOUISIANA INC; ENTERGY SERVICES INC;
ENTERGY TECHNOLOGY HOLDING COMPANY;
ENTERGY TECHNOLOGY COMPANY

Defendants - Appellants.

_____

1

Appeal from the United States District Court
For the Eastern District of Louisiana

_____

Before DEMOSS, DENNIS, and CLEMENT, Circuit Judges.

EDITH BROWN CLEMENT, Circuit Judge:

Energy services company appeals a district court's remand of its consolidated case to state court. Although a remand order is typically unreviewable, the company argues that the district court acted outside of its authority by basing its order on reasons not given in the opposing party's motion. Because we find no support either in the removal statute or our case law for the company's argument, we reject it and dismiss the appeal for lack of jurisdiction.

I.

Entergy Services is a conglomeration of five affiliated operating companies (collectively "Entergy") that own, operate and provide telecommunications services to customers in different parts of Louisiana, Arkansas, Mississippi and Texas. By the mid-1990s, Entergy began to upgrade its communications infrastructure with fiber optic cable lines. Arthur Schexnayder, Jr., Alice Labat, and the Estate of Theodore Dreyfus (collectively "Schexnayder") claim to own land over which Entergy has installed these cables.

Schexnayder filed a class action against Entergy in Louisiana state court, alleging that Entergy, by installing fiber optic cables without Schexnayder's permission, engaged in civil trespass and fraud. Almost six months later, Fear Farms, Inc. ("Fear Farms"), intervened in the Schexnayder action against Entergy, asserting, among other things, a claim under the federal RICO statute. 18 U.S.C. § 1961. Shortly thereafter, Entergy removed the cases to district court, basing federal

2

jurisdiction on the newly-asserted federal claim. Schexnayder filed a motion to remand the case to state court, arguing first, that the removal jurisdiction could not be based on an intervenor's claim, and second, that Fear Farms's intervention followed deficient state procedure. In response, Entergy filed an amended motion to remove, basing jurisdiction on the argument that the district court would have to construe the Public Utility Holding Company Act in order to resolve Schexnayder's claims.

The district court remanded the consolidated cases to state court. Entergy timely appeals.

## II.

### A.

Congress has severely circumscribed the power of federal appellate courts to review remand orders. Section 1447(d) states that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). Despite the plain language of the statute and the clear directive it provides to federal appellate courts, the Supreme Court has created a limited class of cases that may be reviewed. The premise of this exception is that, for a remand to be unreviewable, the district court must act within the authority granted to it by § 1447(c). *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996) (stating that because § 1447(d) "must be read *in pari materia* with § 1447(c) . . . only remands based on grounds specified in § 1447(c) are immune from review under § 1447(d)") (citing *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995)).

Specifically, this Court lacks jurisdiction under § 1447 if the district court based its remand order on either a lack of subject matter jurisdiction or a defect in removal procedure. *Quackenbush*, 517 U.S. at 712; *see also* 28 U.S.C. § 1447(c). The break from its authority must be clear: "we will only review remand orders if the district court *affirmatively* states a non-1447(c) ground for remand."

3

*Smith v. Tex. Children's Hosp.*, 172 F.3d 923, 926 (5th Cir. 1999) (quoting *In re Merrimack Mut. Fire Ins. Co.*, 587 F.2d 642, 647 (5th Cir. 1978)) (emphasis added and internal quotations omitted); *see also Soley v. First Nat'l Bank of Commerce*, 923 F.2d 406, 408 (5th Cir. 1991).

Non-§1447(c) grounds for which a district court might remand a case include those remands made for purely discretionary reasons, *Giles v. NYLCare Health Plans*, 172 F.3d 332, 336 (5th Cir. 1999), abstention-based remands, *Quakenbush*, 517 U.S. at 712, remands based on § 1367, *Smith*, 172 F.3d at 926 n.5, remands based on § 1445(c), *In re Excel Corp.*, 106 F.3d 1197, 1200 (5th Cir. 1997), and remands based on the district court's discretionary powers under § 1441(c), *Eastus v. Blue Bell Creameries, L.P.*, 97 F.3d 100, 103 (5th Cir. 1996), among others.

Here, the district court based its remand decision on two factors. Principally, it ruled that Entergy's removal petition was untimely based on § 1446(b). It also rejected Entergy's argument that it could base the removal petition on Fear Farm's intervening federal claim, which is to say that the district court did not have subject matter jurisdiction. These two grounds constitute allowable § 1447(c) reasons for remand. As a consequence, this Court lacks jurisdiction to review the district court's order.

B.

Our inquiry would be at an end, except that Entergy contends that this Court has jurisdiction because a district court is not authorized under § 1447(c) to remand a case for reasons that are not listed in the original motion for remand. While there is no such ruling in our case law, Entergy argues that it flows from this Court's holding in *In re Allstate*, that a district court is not authorized to remand a case, based on procedural defects, on a *sua sponte* motion. *In re Allstate*, 8 F.3d 219 (5th Cir. 1993). Although Schexnayder did timely move the district court for remand, and thus the district

4

court did not act on its own motion, Entergy contends that because the district court based its ruling on reasons not asserted in Schexnayder's motion, the district court acted outside of its authority pursuant to § 1447(c). Such a remand order, Entergy argues, is logically indistinguishable from a *sua sponte* motion. Simply stated, Entergy argues that where, as here, a district court raises an *issue* on its own initiative, it acts outside of its § 1447(c) authority.

We find no grounds in the statutory language of § 1447(c) or (d), and Entergy asserts none, to support such a holding. Section 1447(c) states that "[a] *motion* to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal." (emphasis added). By its own terms, § 1447(c) is limited to *motions*, not *issues*. Section 1447(c) also defines the prerequisites for filing a remand motion based on procedural defects. The first clause—"a motion to remand"—describes the vehicle that a plaintiff must use to request a remand. The second clause—"on the basis of any defect other than subject matter jurisdiction"—defines the motion vis-a-vis the 30-day deadline. Remand orders that do not meet these statutory requirements are made outside of the district court's authority. Thus, without a motion from a party, the district court's remand order is not authorized by § 1447(c). *Allstate*, 8 F.3d at 223. Similarly, a motion for remand based on procedural defects that is brought more than 30 days after the removal of the action, is outside of the district court's power to grant. *In re Medscope Marine Ltd.*, 972 F.2d 107, 108 (5th Cir. 1992). There simply is no support in the statute for Entergy's argument.

Furthermore, Entergy's contention misapprehends the reasoning from *Allstate*.[1] In that case, the Court was "faced squarely" with the question of "whether § 1447(c)'s use of the word 'motion' refers exclusively to motions made by parties or includes *sua sponte* remands." 8 F.3d at 222. In answering that question in the affirmative, the *Allstate* court noted that the word "[motion] implies that only a party to the case may initiate it." *Id.* at 223. It was also persuaded by the dual-sentence structure of § 1447(c), which "consigns" the care of procedural defects to the parties and that of jurisdiction primarily to the district court. *Id.* The Court concluded: "Where a removed plaintiff, by its inaction, has acquiesced in federal jurisdiction . . . it hardly will do for the court *sua sponte* to interfere with the parties' apparent choice of forum." *Id.* In sum, both the language of the statute and policy considerations compelled the conclusion that Congress intended for the parties to control the choice of forum and that a district court that usurps that decisionmaking role, with respect to procedural defects, acts outside of its authority. *See Page v. City of Southfield*, 45 F.3d 128, 134 (6th Cir. 1995) ("A district court should not interfere with an agreed upon forum until the plaintiff, by motion, indicates an objection to the removal procedure. . . ."); *In re Cont'l Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994) ("Having found himself in federal court after removal, the plaintiff may want to stay there. A remand on the court's own motion may deprive *both* sides of their preferred forum."); *see also Whole Health Chiropractic & Wellness, Inc. v. Humana Med. Plan, Inc.*, 254 F.3d

---

[1] Entergy also argues that by not raising in their motion the particular arguments that the district court relied on in its remand order, Schexnayder waived them. In support, it cites *Denman v. Snapper Division*, 131 F.3d 546 (5th Cir. 1998), where the appellate court ruled that the plaintiffs, by not raising an argument based on the non-diversity of the parties in their remand motion, had waived that particular claim. *Denman* involves a *denial* of a motion for remand and is therefore inapposite. Only "an order remanding a case to the State court" is unreviewable under § 1447(d). 28 U.S.C. § 1447(d). Questions of waiver as those presented in *Denman* involve the merits of the remand order, the consideration of which we are barred from reviewing under § 1447(d) because the order for remand was *granted* in this case.

6

1317, 1321 (11th Cir. 2001) (noting that, under *Allstate*, "a party's motion is essential to remand a case based on [a] procedural defect"). As the Eleventh Circuit wrote in addressing this very issue, because "[t]he motion establishes that the moving party does not want to acquiesce in the federal forum," then the concern "that a *sua sponte* remand might 'deprive *both* sides of their preferred forum' . . . is baseless." *Velchez v. Carnival Corp.*, 331 F.3d 1207, 1210 (11th Cir. 2003) (citing *Whole Health*, 254 F.3d at 1320). Here, the district court has not usurped its congressionally mandated role: by filing its motion for remand, Schexnayder explicitly refused to "acquiesce" to the choice of forum.[2]

Accepting Entergy's argument would require appellate courts to compare a remand motion's rationale with the reasons given, if any, of the remand order. It is difficult to discern where this review ends and a look at the merits of the order begins. The class of cases in which we may review a remand order is a narrow one, which is why we only recognize affirmative breaks from statutory authority. *Allstate*'s prohibition of *sua sponte* motions, like those against untimely filed motions, *e.g.*, *Medscope Marine*, 972 F.2d at 108, abstention-based remands, *Quackenbush*, 517 U.S. at 712, or discretionary remands, *Giles*, 172 F.3d at 336, recognizes a clear break from the authority given to the district court. Entergy's contention is squarely inapposite to this consistent treatment of § 1447. So long as a procedurally-based motion for remand is timely filed, and the order is not affirmatively based on a non-§1447(c) ground, we will not review a district court's remand order.

III.

---

[2] To accept Entergy's argument would not only be a tortured reading of *Allstate*'s reasoning, but of the definition of *sua sponte*—"on its own *motion*"—as well. BLACKS LAW DICTIONARY (8th ed. 2004) (emphasis added); *see also Velchez v. Carnival Corp.*, 331 F.3d 1207, 1210 (11th Cir. 2003) ("Th[e] dictionary definition of *sua sponte* does not fit these circumstances, because the court was prompted by [the motion] to remand.").

Because Schexnayder timely moved the district court for remand, and because the district court granted that motion by relying on permissible §1447(c) grounds, the court acted within its authority and we lack jurisdiction to review its decision. Accordingly, this appeal is DISMISSED.