IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

April 2, 2008

Charles R. Fulbruge III
Clerk

No. 07-30267

HAROLD A ASHER,
as Succession Representative of Harold Otis Wright

Plaintiff-Appellant

V.

A G EDWARDS & SONS INC

Defendant-Appellee

Appeal from the United States District Court
for the Eastern District of Louisiana

Before JOLLY, BARKSDALE, and BENAVIDES, Circuit Judges.

E. GRADY JOLLY, Circuit Judge:[*]

The question presented is whether the district court erred by finding that a motion filed in state court and styled a motion for contempt is actually a disguised petition for damages subject to removal under 28 U.S.C. § 1441. We assume the parties' familiarity with the underlying facts, procedural history, and specification of appellate issues, which we reference only as necessary to explain our decision to REVERSE and REMAND with instructions.

---

[*] Pursuant to 5TH CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

I.

We review a denial of a motion to remand de novo. Holmes v. Atlantic Sounding Co., 437 F.3d 441, 445 (5th Cir. 2006).

II.

A.G. Edwards concedes that a motion for contempt is not removable but urges this court to recognize that Mr. Asher's removed pleading, though styled a motion for contempt and explicitly raising claims only under the Louisiana code sections that govern contempt of court, is actually a disguised petition for damages subject to removal based on diversity. A.G. Edwards contends, first, that Mr. Asher's motion seeks damages; second, that damages are unavailable for contempt of court, absent an injunction; and, third, that no injunction ever issued in the state court. From this syllogism, A.G. Edwards urges this court to conclude that Mr. Asher's motion is not actually a motion for contempt but is instead a disguised petition for damages. The sum and substance of A.G. Edwards's argument is that Mr. Asher cannot prevail in state court on the merits of his motion for contempt of court because the court issued no injunction and that consequently Mr. Asher's motion must actually be a disguised petition for damages.

In response, Mr. Asher disputes that he cannot prevail in state court on his motion for contempt. He argues, among other things, that an injunction issued in the state court and that consequently his motion will prevail on the merits.

III.

A.G. Edwards does not clearly state the grounds of its concession that a state court motion for contempt is not removable, but these are obvious. In Juidice v. Vail, the Supreme Court extended the Younger abstention doctrine to state court contempt proceedings. 430 U.S. 327, 338 (1977). The Court noted that the principles of comity and federalism informed its holding, id. at 338-39,

and noted too that the contempt process "lies at the core of the administration of a State's judicial system," id. at 335. The Court further noted that interference with state court contempt proceedings "is an offense to the State's interest" and "can readily be interpreted as reflecting negatively" upon the state courts. Id. at 336 (citations and quotation marks omitted).

From this, we conclude that A.G. Edwards's argument that Mr. Asher cannot prevail on the merits of his contempt motion is inapposite to our determination of whether this case should be remanded. If A.G. Edwards's concession that motions for contempt are not removable (because they lie "at the core" of administering state courts) means anything, it means that federal courts should not address the merits of a state court motion for contempt, because to do so would transgress the very principle of federalism the rule seeks to protect. See also Waffenschmidt v. MacKay, 763 F.2d 711, 716 (5th Cir. 1985) ("Enforcement . . . through a contempt proceeding must occur in the issuing jurisdiction because contempt is an affront to the court issuing the order."). And, accordingly, we must abstain from addressing the merits of Mr. Asher's motion; that is a task for the state court that is alleged to have been offended.

Furthermore, we have noted on many occasions that a plaintiff is the master of his complaint. See, e.g., Terrebonne Homecare, Inc. v. SMA Health Plan, Inc., 271 F.3d 186, 189 (5th Cir. 2001). This point has been made when plaintiffs have chosen to file only state law claims that are not subject to removal, though a federal cause of action could have been filed. Id. Similarly, here Mr. Asher could have filed state law claims that would have been subject to removal under diversity jurisdiction, but he did not; his motion raises claims only under state laws that govern contempt of court. Mr. Asher is the master of his complaint, and he was within his rights to file only a subset of possible state law claims.

It is true of course that under the doctrine of artful pleading we may inquire into whether the plaintiff has pled his case in a manner that deliberately avoids the federal question that is necessary to his case. See, e.g., MSOF Corp. v. Exxon Corp., 295 F.3d 485, 490 (5th Cir. 2002). We will also "pierce the pleadings" to determine whether a nondiverse defendant had been improperly joined to defeat diversity jurisdiction. See, e.g., Campbell v. Stone Ins., Inc., 509 F.3d 665, 669 (5th Cir. 2007). And we will "pierce the pleadings to show that [a] Jones Act claim has been fraudulently pleaded to prevent removal." Holmes, 437 F.3d at 445 (citation and quotation marks omitted). However, we have been referenced to no authority or rationale that allows us to inquire into whether a claimant has omitted a state law claim that might be an alternative basis for state-based relief.

## IV.

For the assigned reasons, we REVERSE and REMAND with instructions that the district court remand this case to the state court from which it was removed.

REVERSED and REMANDED with instructions.