**IN THE UNITED STATES COURT OF APPEALS**
**FOR THE FIFTH CIRCUIT**

United States Court of Appeals
Fifth Circuit

**F I L E D**
February 28, 2012

No. 11-30597
Summary Calendar

Lyle W. Cayce
Clerk

MIDSOUTH BANK, N.A.,

Plaintiff–Appellee

v.

ALFRED MCZEAL, SR.,

Defendant/Third Party
Plaintiff–Appellant

JAY ANGELLE,

Third Party Defendant–Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 2:10-CV-1560

Before REAVLEY, SMITH, and PRADO, Circuit Judges.

PER CURIAM:[*]

Plaintiff–Appellee MidSouth Bank ("MidSouth") filed a petition for executory process pursuant to Louisiana Revised Statutes § 9:5555 in the 14th Judicial District Court, Calcasieu Parish, against Defendant–Appellant

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 11-30597

AlfredMcZeal Sr., seeking to enforce a promissory note and mortgage executed by McZeal. McZeal removed that suit to the United States District Court for the Western District of Louisiana. MidSouth sought remand to state court and an award of sanctions for improper removal. The district court granted MidSouth's motion to remand after finding that it lacked subject matter jurisdiction over the suit. The district court also granted MidSouth's request for removal sanctions under 28 U.S.C. § 1447(c) after finding that McZeal lacked an objectively reasonable basis for removal. McZeal appealed.

Under 28 U.S.C. § 1447(d), "Congress has severely circumscribed the power of federal appellate courts to review remand orders." *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283 (5th Cir. 2004). Section 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise." 28 U.S.C. § 1447(d). "Specifically, this Court lacks jurisdiction under § 1447 if the district court based its remand order on either a lack of subject matter jurisdiction or a defect in removal procedure." *Schexnayder*, 394 F.3d at 283 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996) and 28 U.S.C. § 1447(c)). Here, the district court specifically stated it was remanding due to its lack of subject-matter jurisdiction and therefore, we do not have jurisdiction to entertain McZeal's appeal. Accordingly, McZeal's appeal is DISMISSED.