# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**

June 5, 2015

Lyle W. Cayce
Clerk

No. 14-30857

FIREFIGHTERS' RETIREMENT SYSTEM; MUNICIPAL EMPLOYEES
RETIREMENT SYSTEM OF LOUISIANA; NEW ORLEANS
FIREFIGHTERS' PENSION & RELIEF FUND,

Plaintiffs - Appellees

v.

CITCO GROUP LIMITED; CITCO FUND SERVICES (CAYMAN ISLANDS),
LIMITED; CITCO BANKING CORPORATION, N.V.; CITCO FUND
SERVICES (EUROPE), BV; CITCO (CANADA), INCORPORATED; CITCO
TECHNOLOGY MANAGEMENT, INCORPORATED; CITCO BANK
NEDERLAND, N.V. DUBLIN BRANCH; CITCO GLOBAL CUSTODY, N.V.;
CITCO FUND SERVICES (BERMUDA), LIMITED; FLETCHER ASSET
MANAGEMENT, INCORPORATED; ALPHONSE FLETCHER, JR., also
known as Buddy; DENIS KIELY; DUHALLOW FINANCIAL SERVICES,
L.L.C.; PETER ZAYFERT; CONSULTING SERVICES GROUP, L.L.C.; JOE
MEALS; SKADDEN, ARPS, SLATE, MEAGHER & FLOM, L.L.P.; GRANT
THORNTON INTERNATIONAL, LIMITED,

Defendants - Appellants

Appeal from the United States District Court
for the Middle District of Louisiana

Before STEWART, Chief Judge, HAYNES, Circuit Judge, and BROWN,
District Judge.*

HAYNES, Circuit Judge:

---

* District Judge of the Eastern District of Louisiana, sitting by designation.

No. 14-30857

Defendants-Appellants appeal the district court's order of remand on the basis that the district court lacked the discretion to abstain from hearing the case. Because we conclude that the district court could not permissively abstain and equitably remand under 28 U.S.C. §§ 1334(c)(1) and 1452(b) without considering the Chapter 15 bankruptcies, we REVERSE the district court's decision to remand the case to state court and REMAND the case to the district court for consideration under its bankruptcy jurisdiction.

## I. Background

Plaintiffs-Appellees are three Louisiana resident pension funds. Plaintiffs invested in a leveraged feeder fund located in the Cayman Islands (the "Leveraged Fund"). The Leveraged Fund was part of a larger fund, the Fletcher Income Arbitrage Fund, Ltd. (the "Arbitrage Fund"). In June 2012, the master fund entity, of which the Leveraged Fund and the Arbitrage Fund were a part, filed a voluntary petition for bankruptcy under Chapter 11 in the Bankruptcy Court for the Southern District of New York.

Plaintiffs sued Defendants, various organizations and individuals involved in the transaction, in Louisiana state court in March 2013. Plaintiffs accused Defendants of violating various Louisiana securities laws, among other state law claims. Plaintiffs later amended the petition to add Skadden, Arps, Slate, Meagher & Flom, L.L.P. ("Skadden") as a defendant. In June 2013, Defendants removed the case to federal district court based on the related Chapter 11 bankruptcy. Additionally, Defendants argued that the federal court had diversity jurisdiction, as Skadden was improperly joined.[1]

---

[1] Although no Defendant is a Louisiana entity or person, the addition of Skadden defeated diversity jurisdiction because Skadden, a partnership whose members include U.S. citizens domiciled abroad, is stateless for the purposes of diversity jurisdiction. *Coury v. Prot*, 85 F.3d 244, 249–50 (5th Cir. 1996) (U.S. citizens domiciled abroad are not diverse); *Harvey v. Grey Wolf Drilling Co.*, 542 F.3d 1077, 1080 (5th Cir. 2008) (citizenship of partnership determined by citizenship of members).

2

No. 14-30857

After removal, Skadden moved to dismiss the case for lack of personal jurisdiction. Plaintiffs moved to remand in July 2013, arguing that the district court lacked subject matter jurisdiction under either bankruptcy or diversity theories. In September 2013, the district court informed the parties that it would address questions regarding subject matter jurisdiction before examining personal jurisdiction, citing *Ruhrgas AG v. Marathon Oil Co.*, 526 U.S. 574 (1999).

In January 2014, the Leveraged Fund and the Arbitrage Fund, through Cayman liquidators, filed voluntary petitions under Chapter 15 in the S.D.N.Y. Bankruptcy Court. *See In re FIA Leveraged Fund*, No. 14-10093 (Bankr. S.D.N.Y. Feb. 27, 2014) (order recognizing foreign main proceeding); *In re Fletcher Income Arbitrage Fund Ltd.*, No. 14-10094 (Bankr. S.D.N.Y. Feb. 27, 2014) (order recognizing foreign main proceeding). Defendants notified the district court of these bankruptcies in a supplemental memorandum in further support of their motion to dismiss and their opposition to Plaintiffs' motion to remand.

In June 2014, the magistrate judge issued a report recommending that the district court grant the motion to remand. The report found that the district court had subject matter jurisdiction under 28 U.S.C. § 1334(b) because the case was related to the Chapter 11 filing. The report considered and rejected Plaintiffs' argument that the district court must abstain under § 1334(c)(2). Though it found that mandatory abstention did not apply, the report recommended that the district court permissively abstain from exercising that jurisdiction and equitably remand under 28 U.S.C. §§ 1334(c)(1) and 1452(b). The report did not address the Chapter 15 bankruptcies as part of this analysis, though it noted the existence of the bankruptcies in a footnote.

Over Defendants' objection, the district court adopted the report and

3

recommendation.  The district court stated that it would remand the case "pursuant to 28 U.S.C. § 1334(c)(1) and 28 U.S.C. § 1452(b)."  The district court did not address diversity jurisdiction or the Chapter 15 bankruptcies in the order.  Defendants filed an emergency motion to stay the remand pending Fifth Circuit review, but the district court denied the motion.

Defendants timely appealed.  Defendants argue that the district court erred by permissively abstaining and equitably remanding the case (1) without considering diversity jurisdiction and (2) in spite of the Chapter 15 bankruptcies.  As we conclude that the district court erred in remanding the case in light of the Chapter 15 bankruptcies, we do not address Defendants' first argument regarding diversity jurisdiction.

## II.  Appellate Jurisdiction

We must first determine whether we have appellate jurisdiction.[2]  *See Bissonnet Invs. LLC v. Quinlan (In re Bissonnet Invs. LLC)*, 320 F.3d 520, 522 (5th Cir. 2003).  This is an appeal from the district court's order remanding the case to state court.  Ordinarily, we cannot review orders to remand based on §§ 1334 or 1452.  *See* § 1334(d) ("Any decision to abstain or not to abstain made under subsection (c) . . . is not reviewable by appeal or otherwise by the court of appeals . . . ."); § 1452(b) ("An order entered under this subsection remanding a claim or cause of action, or a decision to not remand, is not reviewable by appeal or otherwise by the court of appeals . . . .").  We have held that a remand order is unreviewable even if the order "rests on a misinterpretation of the remand statute," *In re Wilson Indus.*, 886 F.2d 93, 95 (5th Cir. 1989), or if the district court's reasons for the order are incorrect, *Sykes v. Tx. Air Corp.*, 834

---

[2] Plaintiffs moved to dismiss this appeal for lack of appellate jurisdiction.  The motions panel denied the motion.  The motions panel's denial of the motion to dismiss the appeal does not bind the oral argument panel.  *See Newby v. Enron Corp.*, 443 F.3d 416, 419 (5th Cir. 2006) (citing *In re Grand Jury Subpoena*, 190 F.3d 375, 378 n.6 (5th Cir. 1999)).

F.2d 488, 492–93 (5th Cir. 1987) (noting an "absolute bar" against reviewing district court's decision to remand under § 1452, whether the reasons are equitable or based on a lack of bankruptcy jurisdiction).

However, there are limited circumstances under which we may review a remand order. S*ee In re Shell Oil Co.*, 932 F.2d 1523, 1528 (5th Cir. 1991) ("[W]here an exception to non-reviewability exists, an appellate court has jurisdiction to review the remand order . . . ." (quotation marks and citation omitted)). The Supreme Court has held that provisions barring review do not apply if the district court exceeds its statutorily-defined authority to remand. *See, e.g.*, *Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 351 (1976) (holding that the district judge, who remanded a properly removed case where there was diversity jurisdiction, exceeded statutory authority when he remanded that case based on efficiency).[3]   In *Quackenbush v. Allstate Insurance Company*, the Supreme Court recognized a limited class of situations in which remand orders under the general removal statute, 28 U.S.C. § 1447, are reviewable on appeal.  517 U.S. 706, 711–12 (1996); s*ee also Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283 (5th Cir. 2004).  Like the provisions at issue in this case, § 1447(d) provides that "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise . . . ."  Though § 1447(d) does not explicitly provide an exception, the Supreme Court reasoned that "'§ 1447(d) must be read *in pari materia* with § 1447(c), so that only remands based on grounds specified in § 1447(c)'"—lack of subject matter jurisdiction or procedural defects in removal—"'are immune from review under § 1447(d).'"  *Quackenbush*, 517 U.S. at 711–12 (quoting

---

[3] The Supreme Court overruled *Thermtron* only to the extent *Thermtron* stands for the proposition that an order of remand is not a final order under 28 U.S.C. § 1291.  *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 714–15 (1996).

No. 14-30857

*Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995)).   Thus, a remand under § 1447 is reviewable if the district court remanded for a reason other than those listed in § 1447(c).   *Id.*; *Schexnayder*, 394 F.3d at 283.   If the statutory bars to review do not apply, a remand order is a final order for the purposes of 28 U.S.C. § 1291.   *See Quackenbush*, 517 U.S. at 713.

Though § 1447(d) is not at issue here,[4] the reasoning in *Quackenbush* is applicable in this case as well.   The district court permissively abstained under § 1334(c)(1) and equitably remanded pursuant to § 1452(b).   The district court did not address the related Chapter 15 bankruptcies.   Courts may permissively abstain from certain bankruptcy cases "*[e]xcept with respect to a case under chapter 15.*"   28 U.S.C. § 1334(c)(1) (emphasis added).   Defendants base their challenge to the district court's order on the argument that § 1452 does not apply in this case, rather than on the court's reasons for remand.   We conclude that Defendants' challenge to the remand order thus falls within an exception to nonreviewability.   *See Schexnayder*, 394 F.3d at 283 (the Fifth Circuit will review a case if based on a ground for remand not contemplated by remand statute); *Wilson Indus.*, 886 F.2d at 95 (holding that an appellate court can review a district court's decision to remand when that decision rests "upon a ground not authorized by statute").   Accordingly, we have jurisdiction to review this issue on appeal.

---

[4] In *Things Remembered*, the Supreme Court held that § 1447(d) may bar review of remands in cases where removal was based on § 1452.  516 U.S. at 129 ("If an order remands a bankruptcy case to state court because of a timely raised defect in removal procedure or lack of subject-matter jurisdiction, then a court of appeals lacks jurisdiction to review that order under § 1447(d), regardless of whether the case was removed under . . . § 1452(a)."). The remand in this case was not based on a lack of subject matter jurisdiction or a defect in removal procedure, but rather permissive abstention based upon equity.  Thus, § 1447(d) does not bar review here.  *See Quackenbush*, 517 U.S. at 711–12; *see also In re Campos*, 234 F.3d 705, 2000 WL 1598002, at *2 n.5 (5th Cir. 2000) (unpublished) ("Since this remand order was premised on the bankruptcy court's 'equitable' powers, § 1447(d) does not forbid appellate review.").

No. 14-30857

## III.  Discussion

Turning to the merits of the appeal, Defendants argue that the district court exceeded its statutory authority by permissively abstaining and equitably remanding this lawsuit even though it relates to Chapter 15 bankruptcy cases.[5]  The district court provided two statutory bases for its decision to remand, §§ 1334(c)(1) and 1452(b).  Section 1334(c)(1) provides:

> *Except with respect to a case under chapter 15 of title 11*, nothing in this section prevents a district court in the interest of justice, or in the interest of comity with State courts or respect for State law, from abstaining from hearing a particular proceeding arising under title 11 or arising in or related to a case under title 11.

§ 1334(c)(1) (emphasis added).

We have not previously addressed the extent to which this provision bars permissive abstention in Chapter 15 bankruptcy cases.  There are two possible interpretations of the subsection.  First, the phrase "[e]xcept with respect to a case under chapter 15 of title 11" could mean that § 1334(c)(1) only excepts the Chapter 15 bankruptcy itself.  *See, e.g.*, *Abrams v. Gen. Nutrition Cos.*, 2006 WL 2739642, at *7 (D.N.J. Sept. 25, 2006) (unpublished) (adopting this interpretation).  Second, the phrase could mean that both the Chapter 15 case itself and cases "arising in or related to" Chapter 15 cases are excluded.  *See, e.g.*, *British Am. Ins. Co. v. Fullerton (In re British Am. Ins. Co.)*, 488 B.R. 205,

---

[5] In their appellate brief, Plaintiffs do not challenge Defendants' claim that the Chapter 15 bankruptcies are related to this case, and we conclude that the two are related. In concluding that the Chapter 11 bankruptcy was related to this case, the magistrate's report emphasized Plaintiffs' allegations that the Chapter 11 debtor was an alter ego of several defendants in this case *and* the Leveraged Fund and the Arbitrage fund, both of which are now debtors in the Chapter 15 bankruptcies. Moreover, Plaintiffs in this case seek the return of their investment loss suffered by purchasing shares in the Leveraged Fund, which they allege was part of the Arbitrage Fund. Thus, a recovery in this case could affect the Chapter 15 debtors' liabilities. This is sufficient to establish "related to" jurisdiction. *See TXNB Internal Case v. GPR Holdings, L.L.C. (In re TXNB Internal Case)*, 483 F.3d 292, 298 (5th Cir. 2007).

238–39 (Bankr. S.D. Fla. 2013) (adopting the latter interpretation); *Fairfield Sentry Ltd. v. Amsterdam (In re Fairfield Sentry Ltd.)*, 452 B.R. 64, 83 (Bankr. S.D.N.Y.), *rev'd on other grounds,* 458 B.R. 665 (S.D.N.Y. 2011) (same).

We hold that the latter interpretation is more consistent with the plain language and purpose of the statute. If one reads the rest of the subsection after the initial clause, the subsection clearly distinguishes between a "case" and a "proceeding." The "case" arises under title 11; the statute permits a court to abstain from a "particular proceeding" that arises under title 11 *or arises in or relates to* the "case." *See* § 1334(c)(1). We understand the word "case" to mean the same thing in the initial clause that it does in the rest of the subsection. *See Sullivan v. Stroop*, 496 U.S. 478, 484 (1990) ("[I]dentical words used in different parts of the same act are intended to have the same meaning." (citation and quotation marks omitted)). Reading the initial clause in context, the subsection indicates that a court may abstain from "a particular proceeding arising under title 11 or arising in or related to a case under title 11" but not from a proceeding "with respect to a case under Chapter 15 of title 11." § 1334(c)(1).

The district court also relied on § 1452 to equitably remand. Though § 1452 does not explicitly exclude Chapter 15 cases, several courts have held that § 1334(c) should be read *in pari materia* with § 1452(b). *See, e.g.*, *Lazar v. California (In re Lazar)*, 237 F.3d 967, 981 (9th Cir. 2001) (quoting *Sec. Farms v. Int'l Bhd. of Teamsters*, 124 F.3d 999, 1010 (9th Cir. 1997)); *see also Erlenbaugh v. United States*, 409 U.S. 239, 243 (1972) (under rule of *in pari materia*, statutes that pertain to the same subject should be construed "as if they were one law" (quoting *United States v. Freeman*, 44 U.S. 556, 564 (1845)). Lending support to the view that the provisions should be read *in pari materia*, § 1452 explicitly references § 1334 to define jurisdiction over bankruptcy cases. *See* § 1452(a) ("A party may remove any claim or cause of action in a civil

action . . . to the district court for the district where such civil action is pending, *if such district court has jurisdiction of such claim or cause of action under section 1334 of this title.*" (emphasis added)); *see also United States v. Rodriguez*, 60 F.3d 193, 196 (5th Cir. 1995) (observing that parties' position that two provisions should be interpreted *in pari materia* was supported by the Federal Sentencing Guidelines' explicit reference to a Federal Rule of Criminal Procedure). Reading §§ 1334(c)(1) and 1452(b) together, then, the prohibition against abstention from proceedings related to Chapter 15 cases also applies to bar the equitable remand of those proceedings under § 1452.

In their brief,[6] Plaintiffs do not challenge Defendants' argument that the court cannot permissively abstain from cases related to Chapter 15 bankruptcies. Rather, Plaintiffs' sole argument in their brief is that removal is judged at the time of removal, and the Chapter 15 bankruptcies were filed later. *See Grupo Dataflux v. Atlas Global Grp., L.P.*, 541 U.S. 567, 571 (2004); *In re Deepwater Horizon*, 745 F.3d 157, 162–63 (5th Cir.) ("The defendants bear the burden of establishing the basis for removal, and operative facts and pleadings are evaluated at the time of removal."), *cert. denied sub nom.*, 135 S. Ct. 401 (2014).

Here, however, the propriety of removal was not in doubt: removal was

---

[6] At oral argument, Plaintiffs raised several theories not addressed in any way in their brief, including their arguments that the confirmation of the plan in the Chapter 11 proceeding gave Plaintiffs the right to bring this case in state court and that Chapter 15 only applies to claims by a foreign representative. We decline to address matters raised for the first time in oral argument. *See Herrmann Holdings Ltd. v. Lucent Techs. Inc.*, 302 F.3d 552, 562 n.2 (5th Cir. 2002). In any event, we conclude that these arguments are unavailing as they do not alter the fact that the proceeding at issue "relates to" the Chapter 15 bankruptcies, even if the parties in this proceeding could not bring the Chapter 15 case themselves. *See In re Prescription Home Health Care, Inc.*, 316 F.3d 542, 547 (5th Cir. 2002) ("It is well-established that, to be 'related to' a bankruptcy, it is not necessary for the proceeding to be against the debtor or the debtor's property."). Additionally, the confirmation of the Chapter 11 plan does not alter the potential liabilities of Leveraged and Arbitrage in the Chapter 15 proceedings.

proper based on the Chapter 11 proceedings, such that the district court had subject matter jurisdiction at the time of removal.  The issue in our case is the propriety of *remand*.   "[T]he ability of a party to remove a case and the ability of a court to remand a case that has been properly removed by a party are distinct concepts not necessarily subject to the same rules."  *Buchner v. F.D.I.C.*, 981 F.2d 816, 818 (5th Cir. 1993).  "Once the district court has assumed jurisdiction over a properly removed case . . . [t]he district court's authority to remand the case to state court depends on the nature of the district court's jurisdiction over the claims that comprise the case *at the time of the remand*."  *Cuevas v. BAC Home Loans Servicing, LP*, 648 F.3d 242, 248 (5th Cir. 2011) (emphasis added); *Adair v. Lease Partners, Inc.*, 587 F.3d 238, 240 (5th Cir. 2009).[7]  Thus, the propriety of the district court's remand order is judged at the time of that order, not the time of the original removal.

We hold that a district court cannot permissively abstain from exercising jurisdiction in proceedings related to Chapter 15 cases. Accordingly, we conclude that the district court erred by permissively abstaining and equitably remanding the case in the face of the Chapter 15 bankruptcies.  Because we conclude that the district court's remand was in error on this basis, we do not reach Defendants' arguments regarding possible diversity jurisdiction. Accordingly, we REVERSE the district court's decision to remand the case to state court and REMAND the case to the federal district court for proceedings consistent with this opinion.

---

[7] Although Defendants informed the court of the pending Chapter 15 cases before the magistrate judge made the recommendation to remand, Plaintiffs argue that Defendants were required to amend their notice of removal to include the Chapter 15 bankruptcies as a basis for federal jurisdiction.  To the extent Plaintiffs suggest that we cannot consider the Chapter 15 bankruptcies, we disagree.  In this case, Defendants had already properly removed the case based on bankruptcy jurisdiction; the new information about the Chapter 15 bankruptcies further supported removal on that basis and did not require a supplemental notice of removal.  *See Yarnevic v. Brink's, Inc.*, 102 F.3d 753, 755 (4th Cir. 1996).