# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**
April 30, 2021

Lyle W. Cayce
Clerk

No. 20-30564

Joseph Kolwe, Jr.,

*Plaintiff—Appellee*,

*versus*

Civil & Structural Engineers, Incorporated,

*Defendant—Appellant*.

Appeal from the United States District Court
for the Western District of Louisiana
No. 6:19-CV-1663

Before Owen, *Chief Judge*, and Clement and Higginson, *Circuit Judges*.

Per Curiam:[*]

Civil and Structural Engineers, Inc. (CASE) removed this case to federal court almost two years after a Louisiana state court rendered final judgment, contending that a post-trial contempt motion created federal jurisdiction. The federal district court remanded to state court on two

---

[*] Pursuant to 5th Circuit Rule 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5th Circuit Rule 47.5.4.

No. 20-30564

grounds: lack of subject matter jurisdiction and *Younger* abstention.  Because the district court's order granting remand is unreviewable, we dismiss this appeal for want of appellate jurisdiction.

**I**

This case concerns the appealability of an order granting a motion to remand from federal to state court.  Joseph Kolwe, Jr. was a member and shareholder of CASE, a professional engineering firm with two other shareholders.  After his relationship with the other shareholders soured, Kolwe filed suit against CASE in Louisiana state court, alleging shareholder oppression.  Kolwe sought to have his interest redeemed at fair value, as permitted under Louisiana law.  Ultimately, by consent judgment, the parties agreed that CASE would purchase Kolwe's interest at a price determined by the court.  After trial on this valuation issue, the court entered judgment on December 22, 2017, awarding Kolwe $871,817 and terminating Kolwe's ownership interest in CASE.

Both parties filed cross-appeals, and the Louisiana Third Circuit ultimately affirmed the judgment as modified, holding that "[w]hile Mr. Kolwe's shares were valued as of the effective date of his withdrawal from CASE on November 29, 2015, his obligations, rights, and duties as a shareholder of the corporation [were] deemed to have terminated as of December 22, 2017."[1]

In November 2019, Kolwe filed with the state district court a document titled "Motion to Enforce Judgment and for Civil Contempt." Noting that his obligations and duties as a shareholder terminated on December 22, 2017, Kolwe took issue with CASE sending Kolwe a schedule

---

[1] *Kolwe v. Civ. & Structural Eng'rs, Inc.*, 2018-398, p. 42 (La. App. 3 Cir. 2/21/19); 264 So. 3d 1262, 1289, *writ denied*, 2019-0483 (La. 5/20/19); 271 So. 3d 1269.

No. 20-30564

K-1 tax form for the 2018 calendar year. Because this tax form purported to treat Kolwe as an owner beyond the termination date set out in the judgment, Kolwe argued that CASE was in contempt of court. One month later, CASE filed a notice of removal, contending that "[t]he determination of whether a K-1 is correct and accurate, or whether an amended one must be issued, arises under federal law and regulations," thus creating federal jurisdiction.

Kolwe then filed a motion to remand, and the district court referred the matter to a magistrate judge for a report and recommendation, pursuant to 28 U.S.C. § 636(b). The magistrate judge recommended the district court remand because of a lack of subject matter jurisdiction or, alternatively, because "princip[le]s of federalism and comity" weighed in favor of abstention. CASE filed timely objections to the report and recommendation, notably conceding that abstention was an alternative basis on which the magistrate judge based its recommendation. The district court granted Kolwe's motion to remand "[f]or the reasons assigned in the Report and Recommendation of the Magistrate Judge."

## II

When a party properly objects to a magistrate's report and recommendation, the district court must conduct a de novo review.[2] Regarding abstention, "[t]his court reviews a district court's abstention ruling for abuse of discretion, but it reviews de novo whether the elements for *Younger* abstention are present."[3] This court may raise the question of its appellate jurisdiction *sua sponte*.[4]

---

[2] 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b)(3).

[3] *Bice v. La. Pub. Def. Bd.*, 677 F.3d 712, 716 (5th Cir. 2012) (citations omitted).

[4] *Fontenot v. Watson Pharms., Inc.*, 718 F.3d 518, 520 (5th Cir. 2013) ("As a threshold issue, this [c]ourt must determine whether it has appellate jurisdiction to review

No. 20-30564

This court lacks appellate jurisdiction to review the district court's remand order. "Congress has severely circumscribed the power of federal appellate courts to review remand orders."[5] Under 28 U.S.C. § 1447(d), "[a]n order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[6] However, "[d]espite the plain language of the statute and the clear directive it provides to federal appellate courts, the Supreme Court has created a limited class of cases that may be reviewed."[7] Namely, this court has jurisdiction to review remand orders decided on grounds other than those set out in 28 U.S.C. § 1447(c).[8] But we are without jurisdiction to review remand orders based on a ground set forth in § 1447(c).[9] "Specifically, this [c]ourt lacks jurisdiction under § 1447 if the district court based its remand order on either a lack of subject matter jurisdiction or a defect in removal procedure."[10] This is true "whether or not that order might be deemed erroneous by an appellate court."[11]

The district court's determination that it lacked subject matter jurisdiction to hear Kolwe's claims strips this court of appellate jurisdiction.

---

the district court's order. Jurisdiction exists to determine the [c]ourt's jurisdiction." (internal citations omitted)).

[5] *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283 (5th Cir. 2004).

[6] *Id.* (alteration in original) (quoting 28 U.S.C. § 1447(d)).

[7] *Id.*

[8] *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711-12 (1996); 28 U.S.C. § 1447(c) (providing, in pertinent part, that "[a] motion to remand the case on the basis of any defect other than lack of subject matter jurisdiction must be made within 30 days after the filing of the notice of removal under section 1446(a)").

[9] *Quackenbush*, 517 U.S. at 712.

[10] *Schexnayder*, 394 F.3d at 283.

[11] *Kircher v. Putnam Funds Tr.*, 547 U.S. 633, 640 (2006) (internal quotation marks and citations omitted).

No. 20-30564

In *BEPCO, L.P. v. Santa Fe Minerals, Inc.*, this court considered the reviewability of a remand order based on two grounds: contractual waiver and timeliness.[12]  While the former ground fell outside the purview of § 1447(c) and was thus reviewable, the latter timeliness ground was not.[13]  This court held that "[b]ecause the untimeliness of the removal petition was an independent and authorized reason for remanding this case to state court," the court lacked jurisdiction to hear the appeal.[14]

Here, while an abstention-based remand order is reviewable,[15] a jurisdictional-based remand order is not.[16]  Because the district court's determination that it lacked subject matter jurisdiction was "an independent and authorized reason for remanding" to state court, we are without appellate jurisdiction to review the propriety of the remand order.[17]

## III

Even assuming *arguendo* that we have appellate jurisdiction to review the abstention basis for the remand order, we conclude that the district court properly abstained.  As an initial matter, we note that the district court appropriately made the de novo determinations required after a party objects to the report and recommendation of a magistrate judge.  In its judgment, the district court stated that it "thoroughly reviewed the record, including the written objections filed," then "concurr[ed] with the findings of the Magistrate Judge."  This language does not indicate that the district court

---

[12] 675 F.3d 466, 470 (5th Cir. 2012).

[13] *See id.*

[14] *Id.*

[15] *See Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 712 (1996).

[16] *See id.* at 711-712; 28 U.S.C. § 1447(c).

[17] *BEPCO*, 675 F.3d at 470.

failed to make the required de novo determinations.[18]  A district court is free to accept the entirety of the magistrate's findings, as the district judge did in this case.[19]

Turning to the *Younger* abstention question, "[w]hen a federal court is asked to interfere with a pending state prosecution, established doctrines of equity and comity are reinforced by the demands of federalism, which require that federal rights be protected in a manner that does not unduly interfere with the legitimate functioning of the judicial systems of the States."[20]

Per *Younger* and its progeny, a state court motion for contempt is not removable.[21]  In *Juidice v. Vail*, the Supreme Court extended the abstention doctrine to cases involving state contempt proceedings.[22]  The Court explained: "The contempt power lies at the core of the administration of a State's judicial system . . . [such that] federal-court interference with the

---

[18] *See Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991) (per curiam) (declining to hold that the district court failed to conduct a de novo review of a magistrate's report when the district court's order granted summary judgment "[f]or the reasons set forth in the Magistrate's Report to which an objection was filed" (alteration in original)); *see also United States v. Shaid*, 916 F.2d 984, 988 (5th Cir. 1990).

[19] 28 U.S.C. § 636(b)(1).

[20] *Kugler v. Helfant*, 421 U.S. 117, 123 (1975).

[21] *See Juidice v. Vail*, 430 U.S. 327, 335-37 (1977); *Asher v. A.G. Edwards & Sons, Inc.*, 272 F. App'x 357, 358 (5th Cir. 2008) (unpublished) ("A.G. Edwards does not clearly state the grounds of its concession that a state court motion for contempt is not removable, but these are obvious.").

[22] *See Juidice*, 430 U.S. at 335-37.

No. 20-30564

State's contempt process is 'an offense to the State's interest . . . likely to be every bit as great as it would be were this a criminal proceeding.'"[23]

We decline to pierce the style and form of Kolwe's contempt motion to assess whether it presents a claim arising under federal law. CASE argues that, in substance, Kolwe's post-judgment contempt motion is a separate filing that raises "entirely new claims that are not mentioned in the title [of the motion]" and cannot be a contempt motion because it "omits crucial components for such a motion." The same federalism principle outlined in *Juidice*, however, counsels against this court making any substantive determination on the merits of Kolwe's contempt claim.[24] Indeed, this court has previously ordered remand after a defendant sought to remove a proceeding based on a contempt motion, notwithstanding the defendant's argument that the contempt motion was "a disguised petition for damages."[25] We expressly declined to adjudicate the merits of "a motion filed in state court and styled a motion for contempt" because "to do so would transgress the very principle of federalism [that] the rule [that contempt proceedings are non-removable] seeks to protect."[26]

As the facts of this case and our precedents make clear, assuming it had subject matter jurisdiction, the district court properly abstained from exercising that jurisdiction over this post-judgment contempt motion.

---

[23] *Id.* at 335-36 (third alteration in original) (quoting *Huffman v. Pursue, Ltd.*, 420 U.S. 592, 604 (1975)).

[24] *See Waffenschmidt v. MacKay*, 763 F.2d 711, 716 (5th Cir. 1985) ("Enforcement . . . through a contempt proceeding must occur in the issuing jurisdiction because contempt is an affront to the court issuing the order.").

[25] *Asher*, 272 F. App'x at 358.

[26] *Id.* at 357, 358.

No. 20-30564

\*     \*     \*

The district court's remand order is unreviewable because it was based, at least in part, on the lack of subject matter jurisdiction. Moreover, even if we had jurisdiction to review the abstention basis cited by the district court, we conclude that the district court did not abuse its discretion in abstaining from hearing the case. For these reasons, this appeal is DISMISSED.