# United States Court of Appeals for the Fifth Circuit

No. 22-10122
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**
January 3, 2023

Lyle W. Cayce
Clerk

Candace Searcy,

*Plaintiff—Appellant*,

*versus*

Orchard National Title,

*Defendant—Appellee*.

Appeal from the United States District Court
for the Northern District of Texas
USDC No. 3:21-CV-1910

Before Davis, Smith, and Dennis, *Circuit Judges*.

Per Curiam:*

Plaintiff-Appellant, Candace Searcy, appeals the district court's order remanding this matter to state court as improperly removed. She also requests this Court to consider her motions for default judgment filed in state and federal court. Because the district court's remand order is not reviewable as set forth in 28 U.S.C. § 1447(d), we DISMISS the appeal.

---

* This opinion is not designated for publication. *See* 5th Cir. R. 47.5.

No. 22-10122

Searcy filed suit in Dallas County District Court against Orchard National Title and Courtney Anthony, a real estate broker. She asserted claims for breach of contract, fraudulent price gouging, and malpractice in connection with a residential real estate contract. Searcy subsequently removed her action to federal court on the grounds that she would be unable to receive justice in state court. The district court adopted the magistrate judge's recommendation that the case be remanded as "improperly removed."[1]

In her appellate brief, Searcy raises no legal arguments challenging the basis for the district court's remand order, nor does she cite to any legal authority indicating that the district court's decision to remand was erroneous. Instead, Searcy argues that she is entitled to a default judgment under Texas Rule of Civil Procedure 21 because the defendants never answered her lawsuit.

Notwithstanding Searcy's failure to identify any error by the district court, this Court must first examine the basis of its jurisdiction to review the district court's remand order. *See Mosley v. Cozby*, 813 F.2d 659, 660 (5th Cir. 1987) ("This Court must examine the basis of its jurisdiction, on its own motion, if necessary."). "Congress has severely circumscribed the power of federal appellate courts to review remand orders." *See Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283 (5th Cir. 2004). Specifically, 28 U.S.C. § 1447(d), prohibits our review of a remand order that is based "on either a lack of subject matter jurisdiction or a defect in removal procedure."

---

[1] As noted by the magistrate judge, 28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed *by the defendant or the defendants*, to the district court of the United States for the district and division embracing the place where such action is pending." (emphasis added).

*Schexnayder*, 394 F.3d at 283; *see* § 1447(d).  "This bar to review applies even if the order might otherwise be deemed erroneous."  *Price v. Johnson*, 600 F.3d 460, 462 (5th Cir. 2010) (citation omitted).

The remand order was based on a defect in the removal procedure and lack of subject matter jurisdiction.  Specifically, under § 1441(a), a plaintiff is not authorized to remove an action to federal court.  Moreover, although Searcy asserted federal question jurisdiction, she included only state law causes of action in her complaint; and she pleaded no facts supporting diversity jurisdiction.  Consequently, under § 1447(d), we lack jurisdiction to review the district court's remand order.

Based on the foregoing, this appeal is DISMISSED.