# United States Court of Appeals
## for the Fifth Circuit

United States Court of Appeals
Fifth Circuit

**FILED**

May 16, 2025

Lyle W. Cayce
Clerk

No. 23-20337

———————————

Abraham Watkins Nichols Agosto Aziz & Stogner,

*Plaintiff—Appellee*,

*versus*

Edward Festeryga,

*Defendant—Appellant*.

———————————

Appeal from the United States District Court
for the Southern District of Texas
USDC No. 4:22-CV-4249

———————————

Before Elrod, *Chief Judge*, Jones, Smith, Stewart, Richman, Southwick, Haynes, Graves, Higginson, Willett, Ho, Duncan, Engelhardt, Oldham, Wilson, Douglas and Ramirez, *Circuit Judges*.

Don R. Willett, *Circuit Judge*:

This case asks whether we have appellate jurisdiction to review a remand order based solely on a defendant's alleged waiver of the right to remove. By statute, Congress has sharply limited our power to review district court orders remanding cases to state court. Specifically, we lack jurisdiction to review remand orders grounded in either (1) a lack of subject-matter jurisdiction or (2) a defect in the removal procedure. But a remand based on

No. 23-20337

a defendant's alleged waiver—say, by participating in state-court proceedings before removal—fits neither category. Nonetheless, 45 years ago in *In re Weaver*, our circuit inexplicably held otherwise.

Fast forward to today. In this case, a Texas law firm sued one of its former attorneys, Edward Festeryga, in state court, alleging that he took firm files and clients to his new practice. Seventeen days later—well within the 30-day statutory removal window—Festeryga removed the case to federal court. The district court, however, remanded the case, concluding that Festeryga had waived his removal right by filing a motion to dismiss in state court. Bound by *Weaver*—and acknowledging its "erroneous premises"—a panel of this court "reluctantly" dismissed Festeryga's appeal for lack of appellate jurisdiction.[1]

Today, we do what only this court sitting en banc can: we correct course and "unweave *Weaver*."[2]

I

This case arises from a dispute between a Texas law firm—Abraham Watkins Nichols Agosto Aziz & Stogner—and one of its former associates, Edward Festeryga. After learning that Festeryga had attempted to take clients and firm files to his new firm, Abraham Watkins terminated his employment and sued him in Texas state court for various state-law torts.

What followed was a brisk, 17-day flurry of state-court activity. Abraham Watkins first secured a temporary restraining order barring Festeryga from spoliating evidence, contacting or representing firm clients,

---

[1] *Abraham Watkins v. Festeryga*, 109 F.4th 810, 814–15 (5th Cir. 2024), *reh'g en banc granted*, *opinion vacated*, 113 F.4th 1019 (5th Cir. 2024).

[2] *Id*. at 817 (5th Cir. 2024) (DUNCAN, J., concurring).

or disclosing confidential client information. Next, the firm moved for expedited discovery to obtain communications and documents between Festeryga and its clients. In response, Festeryga filed a motion to dismiss under Texas's anti-SLAPP statute—the Texas Citizens Participation Act (TCPA).[3]  That motion triggered an automatic stay of discovery,[4] but the parties later stipulated to a protective order, and Festeryga agreed to produce certain limited materials.

On the eve of his production deadline, however, Festeryga removed the case to federal court, invoking diversity jurisdiction based on his Canadian citizenship.[5] Abraham Watkins moved to remand on two grounds: (1) that Festeryga failed to establish complete diversity of citizenship, and (2) that he waived his removal rights by filing a motion to dismiss and stipulating to a protective order in state court. The district court declined to reach the diversity question but concluded that Festeryga's TCPA motion reflected an intent to "invok[e] the jurisdiction of the state court."[6] Accordingly, the court granted the firm's remand motion.

Festeryga appealed, contending that the district court erred in finding waiver. Abraham Watkins responded that the panel lacked appellate jurisdiction to review remand orders based on waiver. Alternatively, the firm

---

[3] Tex. Civ. Prac. & Rem. Code §§ 27.001 *et seq.*

[4] *Id.* § 27.003(c) ("[O]n the filing of a motion under this section, all discovery in the legal action is suspended until the court has ruled on the motion to dismiss.").

[5] *See* 28 U.S.C. § 1441(a) (providing that a defendant may remove any civil action in which "the district courts of the United States have original jurisdiction"); *see also id.* § 1332(a)(2) (providing original federal jurisdiction over civil actions in which "the matter in controversy exceeds the sum or value of $75,000 . . . and is between citizens of a State and citizens or subjects of a foreign state").

[6] *Johnson v. Heublein, Inc.*, 227 F.3d 236, 244 (5th Cir. 2000).

maintained that remand was proper regardless—both because waiver had occurred and because complete diversity was lacking.

Bound by circuit precedent, a panel of this court dismissed the appeal for lack of appellate jurisdiction. As the panel "reluctantly" noted, *Weaver* held that waiver-based remand orders are jurisdictional—and therefore "immune from review."[7] Thus, even while recognizing "that *Weaver* rests on erroneous premises," the panel dutifully followed our rule of orderliness and dismissed the appeal.[8] Acknowledging that *Weaver* bound the panel, JUDGE DUNCAN concurred, but urged the en banc court to "unweave *Weaver*."[9] We took that invitation seriously—and granted rehearing en banc.

## II

### A

Removal procedures are governed by statute,[10] and Congress has placed "broad restrictions on the power of federal appellate courts to review district court orders remanding removed cases to state court."[11] Chief among those restrictions is 28 U.S.C. § 1447(d), which on its face imposes a categorical bar: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."

Despite this seemingly clear language, the Supreme Court has sharply narrowed § 1447(d)'s scope.[12] The Court has held that § 1447(d) must be

---

[7] *Abraham Watkins*, 109 F.4th at 814.

[8] *Id.* at 815, 817.

[9] *Id.* at 817 (DUNCAN, J., concurring).

[10] 28 U.S.C. §§ 1441 *et seq.*

[11] *Things Remembered, Inc. v. Petrarca*, 516 U.S. 124, 127 (1995).

[12] *Schexnayder v. Entergy La., Inc.*, 394 F.3d 280, 283 (5th Cir. 2004).

read *in pari materia* with its statutory neighbor, § 1447(c).[13] In short, § 1447(d)'s bar applies only when the remand order rests on the grounds authorized by § 1447(c).[14] So construed, § 1447(d) bars appellate review only when the remand is based on one of two grounds: (1) a defect in the removal process, or (2) a lack of subject-matter jurisdiction.[15]

Remand orders resting on any other ground remain open to appellate review.[16] A few examples: remands based on *Burford* abstention,[17] enforcement of a forum-selection clause,[18] or a district court's decision to decline supplemental jurisdiction over state-law claims.[19]

The issue in this appeal is whether a remand based on the defendant's alleged waiver of the right to remove—by participating in state-court

---

[13] *See Thermtron Prods., Inc. v. Hermansdorfer*, 423 U.S. 336, 345–46 (1976); *see also Carlsbad Tech., Inc. v. HIF Bio, Inc.*, 556 U.S. 635, 638 (2009) ("This Court has consistently held that § 1447(d) must be read *in pari materia* with § 1447(c), thus limiting the remands barred from appellate review by § 1447(d) to those that are based on a ground specified in § 1447(c).").

[14] *Schexnayder*, 394 F.3d at 283 (citing *Quackenbush v. Allstate Ins. Co.*, 517 U.S. 706, 711–12 (1996)); *Grace Ranch, L.L.C. v. BP Am. Prod. Co.*, 989 F.3d 301, 310–11 (5th Cir. 2021) ("The Supreme Court has held, however, that section 1447(d) only prohibits appellate review of certain types of remand orders: the kind specified in neighboring subsection 1447(c).").

[15] *See BP P.L.C. v. Mayor and City Council of Balt.*, 593 U.S. 230, 243 (2021); *see also Things Remembered*, 516 U.S. at 127–28 ("As long as a district court's remand is based on a timely raised defect in removal procedure or on lack of subject-matter jurisdiction— the grounds for remand recognized by § 1447(c)—a court of appeals lacks jurisdiction to entertain an appeal of the remand order under § 1447(d).").

[16] *BP P.L.C.*, 593 U.S. at 243.

[17] *See Quackenbush*, 517 U.S. at 715.

[18] *Waters v. Browning-Ferris Indus., Inc.*, 252 F.3d 796, 797 (5th Cir. 2001).

[19] *Carlsbad Tech.*, 556 U.S. at 641; *see Schexnayder*, 394 F.3d at 283 (discussing examples of non-§ 1447(c) remand grounds for which appeal is permitted).

No. 23-20337

proceedings—fits within one of § 1447(c)'s two categories. If it does, § 1447(d) bars our review. If not, our appellate jurisdiction remains intact.

B

This issue first reached our court 45 years ago. In *In re Weaver*, a Georgia corporation filed state-court claims against employees of the Small Business Administration.[20] It sought both damages and injunctive relief to prevent the sale of corporate assets.[21] Although the corporation initially secured an ex parte injunction, it was soon undone: the defendants "arranged a telephone conference call with a different superior court judge" who "vacated the injunction."[22] A few days later, the defendants removed the case to federal court.[23]

The district court remanded the case, reasoning that "removal was no longer available since the [defendants] had sought and obtained the dissolution of the temporary injunction in state court."[24] After two unsuccessful motions for reconsideration, the defendants turned to us for mandamus relief.[25]

---

[20] 610 F.2d 335, 335 (5th Cir. 1980).

[21] *Id.* at 335–36.

[22] *Id.* at 336.

[23] *Id.*

[24] *Id.*

[25] *Id.* At the time, the proper avenue for challenging remand orders was by petitioning for a writ of mandamus. *See Thermtron Prods.*, 423 U.S. at 352–53. The Supreme Court later clarified that certain remand orders may qualify as a "final decision" appealable under 28 U.S.C. § 1291. *See Quackenbush*, 517 U.S. at 712–13; *see also Plaquemines Par. v. Chevron USA, Inc.*, 84 F.4th 362, 372 (5th Cir. 2023*)* ("[W]here a remand order is appealable under section 1447(d), the remand order is treated like any other final judgment." (quotations and citation omitted)).

No. 23-20337

The *Weaver* panel denied relief. The panel acknowledged that under the Supreme Court's decision in *Thermtron*, § 1447(d) bars appellate review only when a remand rests on grounds listed in § 1447(c).[26] But *Weaver* narrowed *Thermtron*'s scope, holding that appellate review should be "strictly limited" to cases where the district court "clearly" did not rely on § 1447(c)[27]

In reaching that conclusion, *Weaver* relied heavily on *In re Merrimack Mutual Fire Insurance Company*.[28] There, the panel considered a remand based on destroyed diversity—although the original parties were diverse, later-added ones were not.[29] To assess its appellate jurisdiction, *Merrimack* framed the inquiry as whether the district court had relied on a ground outside § 1447(c). The wrinkle: while lack of diversity is plainly a § 1447(c) ground, it was unclear whether that section applied when diversity was destroyed by adding dispensable—rather than indispensable—parties. The appealability of the remand turned on whether the newly added parties were dispensable—something the district court never addressed. *Merrimack* held that where the basis for remand is ambiguous, appellate review is foreclosed unless the district court expressly invoked a non-§ 1447(c) ground.[30]

Returning to *Weaver*, the panel deemed *Merrimack* controlling. The district court's remand order cited no specific ground under § 1447(c)—but neither did it identify any basis outside that section. Instead, it "merely concluded" that removal was unavailable because the defendants "had

---

[26] 610 F.2d at 336–37.

[27] *Id.* at 337.

[28] 587 F.2d 642 (5th Cir. 1978).

[29] *Id.* at 644.

[30] *Id.* at 648.

sought the dissolution of the injunction in state court."[31] *Weaver* reasoned that a waiver-based remand fell within § 1447(c)'s scope. Although the district court never cited § 1447(c), *Weaver* inferred that the court found removal improper—so "jurisdiction was lacking."[32] And a lack of jurisdiction, of course, is one of the two enumerated bases for remand under § 1447(c).

In short, *Weaver* held that waiver may be characterized as a jurisdictional defect—placing it squarely within § 1447(c)'s bar on appellate review.

C

We reject *Weaver*'s flawed holding:[33] A remand based on waiver is not jurisdictional. Basic legal principles and overwhelming precedent—not to mention Abraham Watkins's concession—compel that conclusion.

"Subject matter jurisdiction defines the court's authority to hear a given type of case."[34] That authority derives exclusively from two sources:

---

[31] 610 F.2d at 337.

[32] *Id.*

[33] *See Planned Parenthood of Greater Tex. Fam. Plan. & Preventative Health Servs., Inc. v. Kauffman*, 981 F.3d 347, 369 (5th Cir. 2020) (en banc) ("[T]he court sitting en banc may overrule or abrogate a panel's decision if the en banc court concludes that panel opinion's holding was indeed flawed.").

[34] *Carlsbad Tech.*, 556 U.S. at 639 (citing *United States v. Morton*, 467 U.S. 822, 828 (1984); *see also Cogdell v. Wyeth*, 366 F.3d 1245, 1247 (11th Cir. 2004) ("Jurisdiction is defined as '[a] court's power to decide a case or issue a decree.'" (citing Black's Law Dictionary 855 (7th ed. 1999))).

the Constitution and Congress.[35] Waiver comes from neither.[36] It is a doctrine of common-law origin, triggered "when a party voluntarily or intentionally surrenders a known right."[37] But it is well established that a party's litigation conduct can neither confer subject-matter jurisdiction on a court nor strip it away.[38] A party may waive its right to remove a case, but that waiver bears no relation to the court's jurisdiction to hear it.

Nor does waiver bear the hallmarks of jurisdiction doctrine. Jurisdictional defects must be raised sua sponte; waiver need not be.[39] Waiver

---

[35] *Wkly. v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000) ("The jurisdiction of the federal courts is established by the Constitution and by congressional statutes.").

[36] In this opinion, we use "waiver" to refer specifically to a defendant's relinquishment of its removal rights through participation in state-court proceedings. Of course, a defendant may also waive removal by failing to comply with statutory requirements—such as filing an untimely notice of removal. *See Buchner v. FDIC*, 981 F.2d 816, 818 (5th Cir. 1993). Nothing in this opinion addresses such statutory-based waivers. Our analysis today is focused only on whether we have jurisdiction under § 1447(d) to review orders based on waiver through state-court participation.

[37] *C&C Inv. Properties, L.L.C. v. Trustmark Nat'l Bank*, 838 F.3d 655, 659 (5th Cir. 2016); *see City of Albuquerque v. Soto Enters., Inc.*, 864 F.3d 1089, 1093 (10th Cir. 2017) ("Waiver by participation is a common-law creation."); *see also Rothner v. City of Chicago*, 879 F.2d 1402, 1408 (7th Cir. 1989).

[38] *Kontrick v. Ryan*, 540 U.S. 443, 452 (2004) ("Only Congress may determine a lower federal court's subject-matter jurisdiction."); *see also Buchner*, 981 F.2d at 818 ("Although parties may waive their rights to remove a case or to contest the removal procedure, they may neither confer subject matter jurisdiction on the district court nor strip it of such jurisdiction by agreement or waiver."); *Ins. Corp. of Ir., Ltd. v. Compagnie des Bauxites de Guinee*, 456 U.S. 694, 702 (1982) ("[N]o action of the parties can confer subject-matter jurisdiction upon a federal court."). To be sure, a party's conduct may divest federal courts of jurisdiction where Congress has so prescribed—for example, by adding a nondiverse party. *See Royal Canin U. S. A., Inc. v. Wullschleger*, 604 U.S. 22, 37 (2025). But in such cases, it is Congress—not the party—that strips jurisdiction. The party's conduct merely triggers the statutory bar.

[39] *Compare Hamer v. Neighborhood Hous. Servs. of Chi.*, 583 U.S. 17, 20 (2017) ("[C]ourts are obliged to notice jurisdictional issues and raise them on their own initiative."), *with Pan Am. Bank of Mia. v. Oil Screw Denise*, 613 F.2d 599, 602 (5th Cir.

can itself be waived; jurisdiction cannot.[40] And while jurisdictional issues are reviewed de novo, waiver is reviewed for abuse of discretion.[41] It is little surprise, then, that our court has consistently held in analogous contexts that waiver does not affect jurisdiction.[42]

*Weaver* offers no serious analysis to the contrary. Its reasoning rests on a single premise: that because the district court believed the case was no longer removable, it must have concluded that jurisdiction was lacking.[43] That "logical inference" is hardly logic at all. It is barely reasoning. Unsurprisingly, other circuits have struggled to make sense of it. The Tenth Circuit said it could "fathom no explanation" for *Weaver*.[44] The Seventh Circuit called it "unsound" and "illogical."[45] These courts—plus the Eleventh Circuit—have all reached the sounder conclusion: waiver-based

---

1980) ("Waiver is an affirmative defense, [] which must be specially pled." (citation omitted)). *See Soto Enters.*, 864 F.3d at 1093 ("[U]nlike jurisdictional defects (which cannot be waived and can be raised *sua sponte* by the court), courts lack authority to remand *sua sponte* for procedural defects, and the parties can waive such defects by failing to raise them in a timely manner.").

[40] *Compare United States v. Kaluza*, 780 F.3d 647, 653 (5th Cir. 2015) ("Subject matter jurisdiction . . . can never be forfeited or waived." (quotations and citations omitted)), *with Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 571 n.8 (5th Cir. 2001) ("Waiver, however, is an affirmative defense that must be raised by the defendant.").

[41] *Compare La. Indep. Pharmacies Ass'n v. Express Scripts, Inc.*, 41 F.4th 473, 478 (5th Cir. 2022) ("[L]egal questions concerning federal jurisdiction are reviewed de novo." (citation omitted)), *with Smith v. Travelers Cas. Ins. Co. of Am.*, 932 F.3d 302, 308 (5th Cir. 2019) (The waiver ruling . . . is reviewed for abuse of discretion.").

[42] *See United States v. Story*, 439 F.3d 226, 230–31 (5th Cir. 2006) (holding that appeal waivers do not affect the court's jurisdiction); *Buchner*, 981 F.2d at 818 (holding that a party's statutory waiver of its removal right has no affect on the court's jurisdiction to remand a properly removed case).

[43] *Weaver*, 610 F.2d at 337.

[44] *Soto Enters.*, 864 F.3d at 1094.

[45] *Rothner*, 879 F.2d at 1417.

remand orders are not jurisdictional.[46] Today we join that consensus and make clear that *Weaver* was wrongly decided.

To be sure, the Ninth Circuit once reached the opposite conclusion. Relying on *Weaver*, it held that waiver-based remands fall within § 1447(c) and are thus unreviewable.[47] But that decades-old decision carries little persuasive force—for three reasons. First, although the Ninth Circuit cited *Weaver* for the proposition that waiver-based remands are unreviewable under § 1447(c), it never expressly endorsed *Weaver*'s mistaken premise that waiver affects jurisdiction.[48] Second, the Ninth Circuit offered no independent reasoning—only bare reliance on *Weaver*. But because *Weaver* itself offered no justification, the Ninth Circuit's rote recitation of *Weaver*'s conclusion adds no persuasive weight. Finally, the Ninth Circuit's reference to *Weaver* appears to have been dicta.[49] The remand order under review rested not only on waiver, but also on untimely removal—an independent and mandatory ground for remand. As the Ninth Circuit acknowledged, that timeliness defect independently barred appellate review.[50] And the opinion's final sentence confirms that it was this timeliness defect—not the finding of waiver—that ultimately deprived the court of appellate jurisdiction.[51]

---

[46] *See Soto Enters.*, 864 F.3d at 1094; *Rothner*, 879 F.2d at 1406; *Cogdell*, 366 F.3d at 1249.

[47] *See Schmitt v. Ins. Co. of N. Am.*, 845 F.2d 1546, 1549 (9th Cir. 1988).

[48] *See id.* at 1549, 1551.

[49] *See Rothner*, 879 F.2d at 1416 (describing *Schmitt*'s discussion of waiver as "superfluous").

[50] *Schmitt*, 845 F.2d. at 1551.

[51] *Id.* ("Because the remand ordered in the present case was a mandatory remand under § 1447(c), the order is not reviewable by appeal or otherwise." (quotations and citation omitted)).

In short, waiver is not jurisdictional. That conclusion follows from first principles and is confirmed by the overwhelming weight of circuit authority. *Weaver* is analytically unsound and widely discredited. We now join the prevailing view and make explicit what the law already implies: waiver-based remand orders do not fall within § 1447(d)'s bar to appellate review.

D

Reluctant to defend *Weaver*'s faulty analysis, Abraham Watkins wisely concedes what settled authority has long made clear: waiver has no bearing on subject-matter jurisdiction. Instead, the firm seeks to rehabilitate *Weaver* by reimagining its rationale. According to Abraham Watkins, *Weaver* did not rest on the view that waiver-based remands implicate subject-matter jurisdiction. Rather, the firm contends that *Weaver* treated waiver as a defect in the removal process—the second category of remands covered by § 1447(c), and therefore shielded from review under § 1447(d).

That revisionist reading fails for two reasons. First, it is simply not what *Weaver* held. Second, even if *Weaver* had framed waiver as a removal defect, that rationale is no more defensible than the flawed premise that waiver is jurisdictional.

1

First, Abraham Watkins's reimagined reading of *Weaver* defies any plausible interpretation of the opinion. *Weaver* held that waiver-based remand orders are unreviewable under § 1447(c) because they implicate jurisdiction—not because they involve a defect in the removal process. The plain language of *Weaver* makes that clear. Consider the relevant passage:

> Even though the specific language of § 1447(c) was not used, it seems apparent that at the time of the remand order, Judge

Edenfield believed the case was not removable, leading to the logical inference that he felt jurisdiction was lacking. Such a holding is within the guidelines of § 1447(c).[52]

At the time *Weaver* was decided, § 1447(c) governed cases "removed improvidently and without jurisdiction."[53] Although the statute used the conjunction "and," courts consistently read it disjunctively—recognizing two independent grounds for remand.[54] Accordingly, *Weaver*'s conclusion that waiver-based remands fall within § 1447(c)'s unreviewable scope must have rested on one of two rationales: either that waiver rendered the removal "improvident" or that it implicated jurisdiction. The quoted passage leaves no doubt as to which rationale *Weaver* adopted: it treated waiver as a jurisdictional bar.

Abraham Watkins resists that straightforward conclusion. It urges us to read *Weaver* as saying the opposite of what it plainly states—that waiver

---

[52] *Weaver*, 610 F.2d at 337.

[53] *See id.* (quoting § 1447(c)). As discussed more fully later in this opinion, Congress later replaced the term "removed improvidently" with "defect in removal." *See Snapper, Inc. v. Redan*, 171 F.3d 1249, 1254–59 (11th Cir. 1999). But despite the change in language, the substance remained the same: it referred to violations of the statutory requirements for removal. *See Merrimack*, 587 F.2d at 645 n.3 ("Removal cannot have been improvident if all procedural requirements, E. g., timely filing, have been satisfied."); *see also Snapper*, 171 F.3d at 1254 ("Notwithstanding the potential breadth of the term 'improvident,' courts limited the scope of the improvident removal basis for remand by anchoring the definition in errors in the removal process."). In its en banc brief, Abraham Watkins acknowledges that "an 'improvident removal' prior to 1988 was considered the equivalent to a defective removal post-1988."

[54] *See In re Medscope Marine Ltd.*, 972 F.2d 107, 109 (5th Cir. 1992) ("[E]ither 'improvident removal' or 'lack of [subject matter] jurisdiction' is a proper, independent basis for remand under section 1447(c)." (citing *London v. U.S. Fire Ins. Co.*, 531 F.2d 257, 260 (5th Cir. 1976))); *see also Rothner*, 879 F.2d at 1406 ("As a starting point, we note that although this phrase is worded in the conjunctive, we believe the phrase must be read in the disjunctive.").

reflects an "improvident" removal, not a jurisdictional one. To be sure, "jurisdiction" is a capacious term, and courts once applied it in what the Supreme Court has called a "'profligate' manner."[55] But *Weaver* did no such thing. Its treatment of waiver as jurisdictional is anchored in § 1447(c)'s use of that very term. In short, the decision deemed waiver-based remands unreviewable because it assumed they fell within § 1447(c)'s "without jurisdiction" category. It defies reason to recast *Weaver* as treating waiver as a removal defect rather than a jurisdictional flaw.

2

Even if *Weaver* could somehow be read to treat waiver-based remands as removal defects, as Abraham Watkins urges, we would still reject that reading. Characterizing waiver as a removal defect is no more defensible than calling it jurisdictional.

Though § 1447(c)'s language has evolved over time, its "defect" provision has always referred to violations of statutory requirements governing removal. A removal defect, then, arises when a defendant fails to satisfy one of the express statutory conditions for removal. Despite changes to the statutory text, courts have consistently construed § 1447(c) in line with that understanding.

When *Weaver* was decided, § 1447(c) applied to cases "removed improvidently and without jurisdiction."[56] Although "improvidently" might seem broad, courts gave it a narrow and precise construction.[57] Indeed, both the Supreme Court and our circuit understood "removed improvidently" to

---

[55] *See Harrow v. Dep't of Def.*, 601 U.S. 480, 489 n.1 (2024).

[56] *Weaver*, 610 F.2d at 337.

[57] *Snapper*, 171 F.3d at 1254 (discussing the historical interpretation of § 1447(c)).

mean removal in violation of statutory requirements. In *Thermtron*, the Supreme Court considered a remand based solely on the district court's "heavy docket."[58] Explaining why that remand did not involve improvident removal, the Court emphasized that "there is no express statutory provision forbidding the removal of this action and that the cause was timely removed in strict compliance with 28 U.S.C. § 1446."[59] Two years later, our circuit followed suit, holding that "[r]emoval cannot have been improvident if all procedural requirements, E. g., timely filing, have been satisfied."[60] Other circuits likewise adopted narrow readings of the term "removed improvidently."[61] Thus, by the time *Weaver* was decided, it was well settled that "removed improvidently" referred only to violations of statutory removal requirements.

Congress appears to have endorsed that narrow construction. When Congress amended § 1447(c) in 1988 to add a timing requirement for remand motions, it also replaced "removed improvidently" with "any defect in removal procedure."[62] That change confirmed—and effectively codified—

---

[58] *Thermtron Prods.*, 423 U.S. at 344.

[59] *Id.* at 344 n.8.

[60] *Merrimack*, 587 F.2d at 645 n.3. This, perhaps coincidently, supports our reading of *Weaver* as treating waiver as a jurisdictional issue rather than a matter of improvident removal. *Weaver* cites *Merrimack* extensively. *See* 610 F.2d at 337. It would be strange for *Weaver* to have relied so strongly on *Merrimack* and yet ignore *Merrimack*'s pronouncement that improvident removal requires a defect in the removal procedural requirements.

[61] *See Rothner*, 879 F.2d at 1411 ("Assuming, then, that Congress intended the term 'improvidently' to have meaning, it is logical and reasonable to interpret the term to mean noncompliance with Congress' specific and detailed statutory provisions."); *see also Sheet Metal Workers Int'l Ass'n, AFL-CIO v. Seay*, 693 F.2d 1000, 1005 n.7 (10th Cir. 1982), *reh'g denied and opinion modified*, 696 F.2d 780 (10th Cir. 1983).

[62] *See* Judicial Improvements and Access to Justice Act of 1988, Pub. L. 100–702, Title X, § 1016(c), 102 Stat. 4670 (1988); *see also Snapper*, 171 F.3d at 1254, 1256 n.13.

the judicial understanding that this category encompasses only statutory defects in the removal process. It is not a catch-all for all forms of improper removal.[63] Unsurprisingly, courts continued to interpret § 1447(c) that way, particularly in light of the clarifying language that—apart from jurisdiction—only statutory defects are covered.[64]

In 1996, Congress amended the statute again—this time eliminating the phrase "removal procedure." It now referred more broadly to "any defect other than lack of subject matter jurisdiction."[65] At first glance, that change may seem significant: by replacing "removal procedure" with "any defect," the statute could be read to sweep more broadly—perhaps covering all nonjurisdictional grounds. But every circuit to consider the amended language—including ours—has "uniformly" rejected that expansive interpretation.[66] Rather, the 1996 amendment sought to resolve a circuit split over whether § 1447(c) encompassed all statutory removal defects or only

---

[63] *Rothner*, 879 F.2d at 1411 ("Replacing the word 'improvidently' with 'defect in removal procedure' is consistent with the view that 'improvidently' draws its meaning from the procedural rules set out in the removal statutes."); *see also Medscope Marine*, 972 F.2d at 110 (explaining that the 1988 language changes to § 1447(c) was not intended to change the meaning of the pre-1988 text).

[64] *See Matter of Cont'l Cas. Co.*, 29 F.3d 292, 294 (7th Cir. 1994) ("Section 1446 establishes procedures for removal, and a 'defect in the removal procedure' means failure to comply with § 1446."); *Mobil Corp. v. Abeille Gen. Ins. Co.*, 984 F.2d 664, 666 (5th Cir. 1993) ("[A] remand for reasons not authorized by statute may be appealed."); *see also Snapper*, 171 F.3d at 1256 ("Following the obvious intentions of Congress, courts in most contexts had no trouble interpreting the 1988 language 'defect in removal procedure' as perpetuating the narrow interpretation that courts had applied to the 1948 version.").

[65] *See* Pub. L. No. 104–219, 110 Stat. 3022 (1996); *see also Snapper*, 171 F.3d at 1258.

[66] *See Grace Ranch*, 989 F.3d at 311 (agreeing with the "consensus view" that "any defect" does not include all nonjurisdictional remands).

procedural ones.[67] By omitting the phrase "removal procedure," Congress clarified that § 1447(c) covers all statutory defects—whether procedural or substantive.[68]

The bottom line is this: a "defect" under § 1447(c) must be grounded in a statutory deficiency.[69] This was true when *Weaver* was decided—and it remains the uniform understanding today.

Accordingly, waiver by participation cannot qualify as a defect under § 1447(c) because it is a judicially created, common-law doctrine.[70] It is a "second-order prudential device" with no footing in the removal statutes.[71] Because § 1447(c) defects are confined to statutory deficiencies, a finding of waiver—rooted in non-statutory, common-law principles—cannot qualify. This is the consensus view among our sister circuits.[72] And Abraham Watkins

---

[67] *See Snapper*, 171 F.3d at 1257–58 (describing the circuit split); *see also Soto Enters.*, 864 F.3d at 1096–97.

[68] *See Grace Ranch,* 989 F.3d at 312 n.9.

[69] *See id.*; *see also In re Norfolk S. Ry. Co.*, 756 F.3d 282, 292 (4th Cir. 2014) ("From the context of § 1447, it is apparent 'that "defect" refers to a failure to comply with the statutory requirements for removal provided in 28 U.S.C. §§ 1441–1453.'" (quoting *Kamm v. ITEX Corp.*, 568 F.3d 752, 755 (9th Cir. 2009))); *Holmstrom v. Peterson*, 492 F.3d 833, 837–38 (7th Cir. 2007) ("Instead, the history reflects a congressional fine-tuning of § 1447(c) in an attempt to identify motions to remand that are grounded in the precise directions that Congress has placed in the Judicial Code to govern removal, i.e., the 'legal requisites' for removal."); *Autoridad de Energia Electrica de Puerto Rico v. Ericsson Inc.*, 201 F.3d 15, 17 (1st Cir. 2000) ("[T]he text of the statute provides a reasonable meaning for the term 'defect,' a meaning that refers to the failure to comply with the various requirements for a successful removal, as set forth in § 1446(a) and (b)."); *Soto Enters.*, 864 F.3d at 1096 ("[C]ongress intended to broaden the meaning of 'any defect' to include all statutory-based defects but never intended to broaden the meaning beyond this.").

[70] *Soto Enters.*, 864 F.3d at 1093 ("Waiver by participation is a common-law creation."); *see also Rothner*, 879 F.2d at 1408.

[71] *Badaiki v. Schlumberger Holdings Corp.*, 512 F. Supp. 3d 741, 745 (S.D. Tex. 2021).

[72] *See Soto Enters.*, 864 F.3d at 1097; *Rothner*, 879 F.2d at 1418.

No. 23-20337

offers no alternative explanation—let alone a persuasive one—for how a common-law waiver doctrine could qualify as a statutory defect.

Thus, even assuming *Weaver* held that waiver-based remands fall within § 1447(c) as removal defects, that holding fares no better under en banc scrutiny.

## III

*Weaver*'s conclusion that waiver-based remand orders are unreviewable is untenable. We therefore overrule *Weaver* and hold that waiver through state-court participation is neither jurisdictional nor a removal defect under § 1447(c). It thus falls outside § 1447(d)'s bar on appellate review.

The parties raise additional issues on appeal.[73] But our central task was to correct the flawed *Weaver* precedent—a task only this en banc court could undertake. Having done so, we RETURN this case to the original panel—now assured of its appellate jurisdiction—to resolve the remaining issues.

---

[73] These include whether the parties are diverse and whether the district court properly found waiver.

No. 23-20337

James C. Ho, *Circuit Judge*, joined by Higginson, *Circuit Judge*, concurring:

I concur. I write separately to note that our decision today rightly reaffirms a basic principle of en banc rehearing—namely, that we need not decide every issue en banc, but may instead leave non-en banc worthy issues for the original panel to address. *See ante*, at 18 ("we RETURN this case to the original panel . . . to resolve the remaining issues").

In so doing, we unanimously reject the occasional suggestion that our en banc court somehow has an "absolute duty to hear and decide" every issue presented in an appeal. *But see*, *e.g.*, *Comer v. Murphy Oil USA*, 607 F.3d 1049, 1061 (5th Cir. 2010) (Dennis, J., dissenting) (asserting such a duty).

As a leading treatise observes, "[a] case that involves a question of exceptional importance can also involve questions of less general importance." 16AA Wright & Miller, Federal Practice and Procedure § 3986.3 (5th ed.). When that happens, "the court may conclude . . . that only some of the issues in the case warrant en banc consideration." *Id. See*, *e.g.*, *Asherman v. Meachum*, 957 F.2d 978, 983 (2nd Cir. 1992) ("Obviously, judicial resources are needlessly used if all thirteen members of this in banc court are obliged to consider issues that can be expeditiously resolved by a panel of three judges. The possibility that the panel's resolution of the remaining issues would precipitate renewed in banc consideration is too remote to be taken seriously."); *United States v. Padilla*, 415 F.3d 211, 217 (1st Cir. 2005) ("a circumscription of the issues to be considered is well within the discretion of the en banc court"); *Keohane v. Fla. Dep't of Corr. Sec'y*, 981 F.3d 994, 996 (11th Cir. 2020) (Pryor, C.J., statement respecting the denial of rehearing en banc) ("[W]e and our sister circuits have said again and again that the 'heavy artillery' of en banc review should be used rarely.").

I agree and accordingly concur.